UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BELL, *et al.*,

                               Plaintiffs,

v.

SAGINAW COUNTY BOARD
OF COMMISIONERS, *et al.*,

                               Defendants.

_____/

Case No. 25-12269

Jonathan J.C. Grey
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER ON DEFENDANTS' MOTION FOR LEAVE TO
AMEND AFFIRMATIVE DEFENSES (ECF No. 13)**

Pending before the Court is Defendants' *Motion for Leave to Amend*

*Affirmative Defenses* (ECF No. 13).  Defendants seek to amend their answer to

clarify and more specifically plead their affirmative defenses.  (*Id.* at PageID.99).

On November 4, 2025, the District Judge referred all pretrial matters to the

undersigned.  (ECF No. 12).

**I.    BACKGROUND**

According to Plaintiffs' complaint, Plaintiffs were pretrial detainees at the

Saginaw County Jail and housed in S pod — a unit within Tower 3 of the jail.[1]

---

[1] Paragraph 13 of the Complaint states that "Plaintiff Chad Eric Bryant is a pretrial detainee and is currently incarcerated in the Saginaw County Jail and is housed in S pod, a sub-unit within Tower 3 of the jail."  The Court notes that Chad Eric Bryant is a Plaintiff in a separate, but related action (*Bryant v. Gomez*, 2:22-cv-12169-JJCG-CI).  That said, as the claims

(ECF No. 1-1, PageID.6, ¶ 13).  The jail is a four-story building with a control room on each floor, which contains a closed-circuit television system ("CCTV") which transmits images to monitors in the control rooms.  (*Id.* at ¶ 14).

On July 25, 2022, after the nightly 11:00 p.m. lockdown, Defendant Sgt. Villanueva ordered a strip search of all residents of the upper and lower tiers of the S pod to locate a "chirp" device that was purportedly missing.  (*Id.* at ¶ 15).  A chirp device is a form of communication device.  (*Id.*).  Plaintiffs, as well as other inmates of S pod, were ordered to wait in a recreation room adjacent to two attorney visitation rooms.  (*Id.* at ¶ 16).  The attorney rooms were equipped with CCTV cameras and were customarily used to conduct strip searches.  (*Id.* at ¶ 16–17).  From 11:00 p.m. to 2:00 a.m., Plaintiffs and other pretrial detainees were subjected to strip searches that were performed in front of the CCTV cameras, and the images were transmitted to the control room monitors on each floor and recorded.  (*Id.* at ¶ 19).

Plaintiffs allege that the strip searches were "unreasonably degrading" and required Plaintiffs being placed in compromising positions.  (*Id.* at ¶ 20).  Upon leaving the attorney conference room, one of the Plaintiffs observed Defendant Sgt. Villanueva, a female officer, watching the strips searches being conducted

---

here arise out of the same incident, the Court assumes that Plaintiffs, in this case, were similarly housed in S Pod and the reference to Mr. Bryant was a clerical error.

from the third-floor control room.  (*Id.* at ¶ 21).  Plaintiff Brookins alleges that he refused to remove his hand from covering his genitals because he was embarrassed about being in front of the cameras, and thus he was maced by Defendant Moultane.  (*Id.* at ¶ 23).  Plaintiffs also allege that the footage of the strip searches were preserved on the jail's CCTV system and remained available for review by female corrections officers.  (*Id.* at ¶ 24).

Plaintiffs sue for violations of their civil rights violation of 42 U.S.C. § 1983, violations of their First Amendment Rights, and violations of state nuisance law.

Defendants seek leave to file an amended answer to clarify and more specifically plead their affirmative defenses.  (ECF No. 13).  The facts from their perspective, which form the bases for their affirmative defenses, are grounded in failure to exhaust administrative remedies and limitations on recovery under 42 U.S.C. § 1997e(a).  (*Id.* at PageID.99).

## II.    DISCUSSION

Defendants' request to amend their Answer is governed by Federal Rule of Civil Procedure 15.  *See* 6 Charles Alan Wright & Arthur H. Miller, Federal Practice & Procedure Civil § 1430 (3d ed. 2008) (Rule 15 "governs the question whether an omitted counterclaim can be inserted into an ongoing action.").  Rule 15 provides that district courts should "freely" grant a motion for leave to amend a

pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  District courts may deny leave to amend under Rule 15(a)(2) based on "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'"  *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (citation omitted).

As an initial matter, Plaintiffs do not challenge the proposed minor amendments to the answer.[2]

Defendants argue leave should be granted to amend its affirmative defenses because Plaintiffs will suffer no significant prejudice, amending will not delay these proceedings, and it is sought in good faith.  (ECF No. 13, PageID.98, 103).  Specifically, they note the Complaint here was filed on July 25, 2025, and they filed their Answer on September 25, 2025.  (*Id.* at PageID.103).  Defendants state that "[t]he Answer included the affirmative defenses known or reasonably understood at the time of filing."  (*Id.*).  Defendants indicate that discovery remains ongoing, the discovery cutoff is July 17, 2026, no dispositive motions have been filed, and a trial date has not been set.  (*Id.* at PageID.103, 105).  Defendants state

---

[2] Even so, the Court notes that Defendants did not comply with E.D. Mich. Local Rule 7.1(a).  Since Plaintiffs did not file a response in opposition to the motion, the Court opted to take the issue under advisement.  The Parties are cautioned that any further failure to comply with L.R. 7.1(a), will result in the motion being denied.

4

that through the course of discovery, particularly following a thorough review of the inmate grievance and institutional records, they have "identified additional information directly bearing on the affirmative defense of failure to exhaust administrative remedies and on statutory limitations on recovery under 42 U.S.C. § 1997e(a), which was not "available or apparent" at the time the original Answer was filed. (*Id.* at PageID.103).

Defendants asserts that the proposed amendment "does not introduce new claims, new parties, or a new theory of liability," but simply clarifies affirmative defenses. (*Id.* at PageID.105–06) (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). Defendants argue that Plaintiffs would not be prejudiced "[b]ecause the amendment will not require significant additional discovery, alter the nature of the case, or delay proceedings." (*Id.* at PageID.106). Defendants also argue that they "did not possess the full factual basis for the refined defenses at the time of the original Answer and acted promptly upon identifying the relevant information, there was no undue delay and no lack of diligence." (*Id.* at PageID.106–07).

While Rule 8(c) requires a defendant to "affirmatively state any avoidance or affirmative defense" in their responsive pleading, no federal rule of civil procedure disallows amendment of affirmative defenses to add or clarify a defense, provided the movant meets the requirements for amendment. Further, courts in

5

this district that have addressed whether the plausibility standard in *Twombly* and *Iqbal* applies to pleading affirmative defenses have held that it does not. *See Sizzling Black Rock House Franchising, Inc. v. Harold L. Kestenbaum, PC*, 2023 WL 3676941, at *8 (E.D. Mich. May 26, 2023) (collecting cases). Instead, affirmative defenses comply with Rule 8(b) when they provide a statement "in short and plain terms" of "defenses to each claim," and Rule 8(c), which governs affirmative defenses, requires only that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense. . . ." Fed. R. Civ. P. 8(b)–(c). Given the less stringent language in Rule 8 regarding affirmative defenses, the Court finds *Sizzling Rock* and similar cases persuasive.

In their proposed amended answer, Defendants have met the low bar of pleading their defenses of failure to exhaust administrative remedies and limitations on recovery under 42 U.S.C. § 1997e(a), giving Plaintiffs notice of the defenses. As leave to amend should be freely granted, Defendants request for leave to clarify and more specifically plead these affirmative defenses is **GRANTED**. Plaintiffs are not seriously prejudiced by this amendment and ample time remains in discovery to gather facts in response to the defenses.

## III.    CONCLUSION

Accordingly, it is ORDERED that Defendants' *Motion for Leave to Amend Affirmative Defenses* (ECF No. 13) is **GRANTED**.  Defendants' amended pleadings must be filed **within 14 days** of this Order.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date: April 9, 2026                                    s/Curtis Ivy, Jr.
                                                       Curtis Ivy, Jr.
                                                       United States Magistrate Judge

7